THOMAS *v.* WEEKS.

[76 South. 559, Division B.]

DAMAGES. *Medical attention. Evidence. Instruction.*

In a suit for damages for personal injury where the evidence showed that plaintiff received medical attention and that her husband bought some medicine for her, an instruction for the plaintiff allowing the jury to take into consideration the expense of medical attention as an element of damages, was not reversible error, although the doctor attending her testified that he had not entered any charge for his service because the husband, though willing, was unable to pay for same.

APPEAL from the circuit court of Harrison county.

HON. J. H. NEVILLE, Judge.

Suit by Mrs. J. H. Weeks against J. S. Thomas. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Parker & Robinson,* for appellant.

We now call the court's special attention to instruction No. 4, which states particularly the items which the jury may consider in arriving at their verdict if they find for the plaintiff.

In this instruction the court instructs the jury that it may "take into consideration the loss of time that she lost as the proximate cause of said injury, if they believe she lost any time on account of said injury; also the trouble and expense that has been incurred on account of said injury, if they believe there was any, such as medical bills or wages of parties she had to employ to work for her, if they believe any such occurred on account of said injuries."

We submit that this instruction was erroneous as appellee had not paid out one cent for medical bills, nor for people to work in her place, or for doctor's bills, or for any other thing; still the jury was told to include this in their facts in making up the amount of their verdict, and while the jury was told to include such, if any such expense had been incurred, and was told to include all expense which had been incurred by anybody, and the evidence shows that if any expense had been incurred, it had been incurred by J. H. Weeks, the husband of plaintiff, and did not confine them to the money she had spent.

The verdict in this case shows that the jury did not place a great deal of confidence in the injury, and for that reason we suggest that this expense which the defendant was held to pay erroneously might have formed a great portion of the judgment.

We respectfully submit that the judgment of the court below should be reversed.

*J. I. Ballenger,* for appellee.

J. I. Ballenger, attorney for appellee in this case here submits the following as his brief: Would state that, after reading the brief of appellant, I do not think it necessary to file any brief: First, because attorney for appellant admits (not by words), but by his argument, that the evidence in this case fully warrants the verdict; second, he admits by argument that

the verdict is not excessive; the only real question that
he raises in the case at all is to a part of the instruc-
tion No. 4 asked for by plaintiff and given by the court.

Now the instruction is clearly the law as has been
passed upon by this court in many cases, so it is use-
less to refer to authorities. But if it was a little erro-
neous in wording, the facts in the case are so over-
whelming for the appellee that the court would be
bound to let the facts govern in place of an instruc-
tion that could do no harm; that if it should be erro-
neous in some little immaterial part it would not be
reversible. So I deem it unnecessary to attempt to file
any further brief in this case, more than to say that
after reading appellant's brief, if you think it could
be necessary to read the evidence in the case, you will
find that the evidence overwhelmingly supports the ver-
dict and the injuries proven would have supported a
much larger one. Further, of course the appellant, J.
S. Thomas and the party that was in the automobile
with him was Robert Clark who is kin to appellant,
were interested witnesses in this case; so was appellee,
Mrs. J. H. Weeks and her husband, J. H. Weeks, but
you will note that there were three eye-witnesses to the
actual collision in this case, to-wit; H. J. Walker, Quint
Simpson and H. H. Murry. If you should think neces-
sary, read their evidence.

Therefore I ask that this case be affirmed by this
honorable court and judgment be given for the appellee
for the amount recovered in the court below, including
interest and damages allowed in such cases.

Cook, P. J., delivered the opinion of the court.

The appellee, plaintiff below, sued appellant for dam-
ages inflicted upon her by the negligence of the appel-
lant. The case went to the jury, and a verdict was
returned against the defendant for one hundred and
fifty dollars. The evidence in support of the averments

of the declaration, if believed, clearly shows that defendant was grossly negligent, and that plaintiff was painfully and seriously injured in consequence of defendant's negligence.

Briefly stated, plaintiff proved that she was peacefully driving along the public road, in the company of her husband—carefully hugging the extreme right-hand side; that defendant, in his automobile, was coming towards her; that instead of driving to the right, defendant turned his machine to the left and came in collision with the buggy in which plaintiff was seated, the force of the impact threw her out of the buggy and injured her as above stated. On the other hand, defendant and his witnesses testified that he did not run into the buggy at all; that plaintiff and her husband were driving along the highway, with the reins thrown over the dashboard, while they fortified themselves with "Rock and Rye;" that before he reached them, he discovered their situation and stopped his machine on the right-hand side of the road; that while his machine was at a standstill, the horse hitched to plaintiff's buggy, uncontrolled by the occupants of the buggy, decided to cross over to defendant's side of the road, and in the execution of this maneuver the ends of the buggy shafts struck the side and rear of the automobile, the force of the impact stripping the harness from the horse, and catapulting the plaintiff into the air and to the earth below.

If the jury accepted plaintiff's version of the facts, and they did, the amount of the verdict was very conservative.

It is contended here that the court erred in its instructions to the jury. The court instructed the jury as follows:

"The court instructs the jury for the plaintiff that if they find for the plaintiff, they should, in estimating her damages, take in consideration the amount of suffering that she suffered, by bodily pain or otherwise,

proximately caused by said injury, the amount of permanent injuries, if they believe she was permanently injured, the amount of physical suffering that she is likely to undergo in the future, if any, as the proximate result of said injury, the amount of mental suffering, if they believe that she suffered mentally, proximately caused by said injury, if they believe that she was so injured and suffered. Take in consideration the loss of time that she lost, as the proximate cause of said injury, if they believe that she lost any time on account of said injury, also the trouble and expense that has been incurred on account of said injury, if they believe there was any, such as medical bills or wages of parties she had to employ to work for her if they believe any such occurred on account of said injuries, and award her such damages as they believe from the evidence she is entitled to, to compensate her for all pain and suffering that she has suffered on account of said injuries, both physically and mentally, and for all money she has expended on account of said injuries.''

It is contended that the evidence disclosed that plaintiff had not paid any bills for medicine or medical services, and the instruction was therefore reversible error. The evidence does show that plaintiff received medical attention, and that her husband bought some medicine for her. The physician in charge, however, stated that he had not entered any charge for his services because the husband of plaintiff, he believed, would never be able to pay for his services; that he was willing, but not able.

An inspection of this record convinces us that defendant cannot justly complain of the amount of the verdict. The jury did not believe his version of the facts, and did believe the version of plaintiff, and it is quite clear that the errors in the instruction, if any there be, were entirely innocuous.

*Affirmed.*